UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

RYAN EUGENE DAUGHERTY,                )
                                       )
            Plaintiff,                 )   Case No. 5:05-cv-24
                                       )
v.                                     )   Honorable Richard Alan Enslen
                                       )
DEBORAH S. MACKEY,                     )
KARL FOY and MARY FATE,                )
                                       )
            Defendants.                )
_____)

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has been directed to pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.        Factual Allegations

Plaintiff Ryan Eugene Daugherty presently is incarcerated with the Michigan Department of Corrections and housed at the Ionia Maximum Correctional Facility (ICF). He sues the following ICF employees: Resident Unit Managers Deborah S. Mackey and Mary Fate, and Classification/Transfer Coordinator Karl Foy.

According to the allegations of the complaint, on January 14, 2004, Plaintiff was notified by Assistant Resident Unit Supervisor Kelly that he was being assigned as segregation porter of Unit 2, effective January 17, 2004. On February 4, 2004, Plaintiff observed Corrections Officer Cassel leave Plaintiff's cube holding a writing tablet and a metered envelope. When Plaintiff asked Cassel where he was taking Plaintiff's writing materials, Cassel told Plaintiff that Defendant Fate had asked for them. Later that day, Defendant Mackey wrote at the bottom of Plaintiff's work assignment evaluation sheet a false statement to the effect that Plaintiff had written an inappropriate letter about Mackey. Also on February 4, 2004, Defendant Mackey sent Defendant Foy an e-mail indicating that Plaintiff had shown he could not be trusted and was a good candidate for transfer to a Northern Michigan facility. Foy responded that he would reassign Plaintiff the next week. When Plaintiff asked Defendant Fate about the taking of his materials, Fate told him that he had been terminated from his porter position and was being reclassified because he allegedly had written an inappropriate letter to Mackey. Plaintiff wrote a grievance about Mackey's false accusation, but received no Step I response until March 22, 2004. In the interim, Plaintiff filed his grievance to Step II. When he did not receive a timely Step II response, Plaintiff appealed to Step III on April 7, 2004,

seeking reinstatement to his prison job, back-pay, and retraction of the defamatory accusation. The Step III appeal was received on April 26, 2004.

Plaintiff continued to seek reinstatement to porter for Unit 2. On June 4, 2004, Assistant Resident Unit Supervisor Kelly asked Plaintiff if he wished to sign a reclassification to be named a unit porter in segregation Unit 7. Plaintiff signed the form under the impression that his prison job would be reinstated. Also on June 4, Plaintiff saw Foy in Unit 7 and asked about receiving back pay. Foy told him that he was not getting back pay and urged Plaintiff to drop his request. Later that day, Foy allegedly asked Cassel to take away Plaintiff's porter assignment for June 4, 2004.

On July 6, 2004, Litigation Coordinator Suzanne Keegstra responded to Plaintiff's grievance. Upon investigation, she concluded that, based on the handwriting, the allegedly improper letter had not been written by Plaintiff but by a Level VI prisoner in Unit 2 with whose complaints Keegstra was very familiar. Keegstra found that Plaintiff improperly had been removed from his porter assignment, and she ordered that Plaintiff be reassigned to a porter assignment in Unit 1 within 15 business days. She also ordered that Plaintiff be paid for five days per week from February 4, 2004 to the present, a total of $179.22. The defamatory statement about Plaintiff was ordered expunged from all files. Plaintiff eventually received a Step III response, which concluded that the responses at Steps I and II had fully resolved the issues.

In the instant action, Plaintiff asserts that he was denied his right to due process under the Fourteenth Amendment by Defendants' arbitrary actions in falsely accusing him and defaming him. He seeks declaratory relief and punitive damages.

II.     Lack of exhaustion of available administrative remedies

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies against Defendants Foy and Fate. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the

---

[1]To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff has chosen to use the form complaint in this action.

defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

Plaintiff's claim that he was falsely accused and removed from his prison job is the type of claim that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective 4/28/03). Indeed, Plaintiff alleges that he fully grieved his claim against Defendant Mackey. However, Plaintiff makes no allegations that he filed any grievance against Defendants Foy and Fate. As a consequence, while Plaintiff has exhausted his administrative remedies with respect to Defendant Mackey, he has failed to allege exhaustion of his claims against Defendants Foy and Fate. *See Curry*, 249 F.3d at 505; *Thomas*, 337 F.3d at 735; *Vandiver*, 2002 WL 31166925, at *2.

It is not clear whether Plaintiff may still grieve his claims against Defendants Foy and Fate. Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶ G(4). The Sixth Circuit held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a). *See Thomas v. Woolum*, 337 F.3d 720 (6th Cir. 2003).

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. As a result, the Court ordinarily would dismiss an unexhausted claim without prejudice when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). However, the Court need not first require exhaustion of available administrative remedies when the claim may be dismissed because it is, "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(2); *Brown*, 139 F.3d at 1103. Because Plaintiff's complaint fails to state a claim upon which relief can be granted, the Court will dismiss his action without first requiring Plaintiff to exhaust any available administrative remedies.

### III. Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that he was terminated from his job as a porter in Unit 2 without due process and that he was defamed by the false representations made by prison officials. To state a procedural due process claim under § 1983, a plaintiff must demonstrate that he possessed a protected liberty or property interest and that he was deprived of that interest without due process. *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999). In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Supreme Court held that the only liberty interest a prisoner may protect through § 1983 is "freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." The Sixth Circuit consistently has found that prisoners have no constitutionally protected liberty interest in prison employment under the Fourteenth Amendment. *See, e.g.*, *Dellis v. Corrs. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (district court properly dismissed as frivolous the plaintiff's claim that he was fired from his prison job); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job"); *Carter v. Tucker*, No. 03-5021, 2003 WL 21518730, at *2 (6th Cir. July 1, 2003) (no liberty interest in employment). *See also Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995) (holding that a prisoner's loss of job assignment is not a protected liberty interest because it does not impose an atypical and significant hardship on him in relation to the ordinary incidents of prison life). Morever, "as the Constitution and federal law do not create a property right for inmates in a job, they likewise do not create a property right to wages for work performed by inmates." *Carter*, 2003 WL 21518730 at *2 (citing *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991) and *James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989)). Under

these authorities, Plaintiff fails to state a due process claim arising from the termination of his prison employment against any of the Defendants.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

DATED in Kalamazoo, MI:              /s/ Richard Alan Enslen
     May 2, 2005                        RICHARD ALAN ENSLEN
                                         UNITED STATES DISTRICT JUDGE